IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 95-20942
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

KEITH JACKSON,

Defendant-Appellant.

_____

Appeal from the United States District Court for the
Southern District of Texas, Houston
(CR-95-94)

_____

January 21, 1997

Before JOLLY, JONES, and PARKER, Circuit Judges.

PER CURIAM:[*]

I

On February 22, 1995, a confidential informant allegedly told a Houston police officer that he had seen a plastic baggie containing a significant amount of crack cocaine in Keith Jackson's house. Based on information received from the informant and from information acquired during surveillance, the officer obtained an

_____

[*]Pursuant to Local Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Local Rule 47.5.4.

arrest warrant for Jackson and a warrant to search the house. Jackson was arrested, and upon learning his house was to be searched, admitted that crack cocaine would be found. The house was searched and crack cocaine was recovered.

Jackson contends that there was no confidential informant and that the officer lied about the informant's existence to obtain the warrants. In support of his position, Jackson produced affidavits in which his friends and family attest, unsurprisingly, that they are not the confidential informant. Jackson says that these were the only people he had seen in the relevant period of time.

Thus, Jackson argues that the district court erred by refusing to disclose the informant's identity at the pretrial suppression hearing. He further contends the district court was required to hold an in camera hearing to determine if the informant existed. Finally, Jackson contends the court erred in denying his motion to suppress. We conclude that each of these contentions is without merit.

II

The importance of protecting the identity of informants has long been recognized. See Roviaro v. United States, 353 U.S. 53, 77 S.Ct. 623 (1957). Nevertheless, a defendant's right to a fair trial is our paramount concern. Therefore, a confidential informant's identity must be exposed when his testimony critical to the determination of guilt or innocence of the defendant.

Branzburg v. Hayes, 408 U.S. 665, 697, 92 S.Ct. 2646, 2665 (1972); Wolff v. McDonnell, 418 U.S. 539, 600, 94 S.Ct. 2963, 2996 (1974)(Frankfurter, J concurring)(noting that an "if an informer's information is crucial to the defense" the government must reveal the informer's identity or dismiss the charges.). In United States v. Orozco, 982 F.2d 152, 154-55 (5th Cir. 1993), cert. denied, 508 U.S. 945 (1993), we developed a three-part test to determine when disclosing an informant's identity is mandated. To make this determination, a court should: (1) "evaluate the level of the informant's participation in the alleged criminal activity"; (2) "consider the helpfulness of disclosure to any asserted defense"; and (3) "consider the government's interest in nondisclosure." Id.

The first step of the Orozco test requires a court to examine the informant's role in the criminal activity. If an informant did not participate in the alleged criminal activity, but instead, as is true here, acted only as a tipster, there is a strong presumption against forced disclosure of the informant's identity. United States v. Freund, 525 F.2d 873, 876-77 (5th Cir. 1976), cert. denied, 426 U.S. 923 (1976); see also, United States v. Cooper, 949 F.2d 737, 749 (5th Cir. 1991), cert. denied 504 U.S. 975 (1992); United States v. Clark, 482 F.2d 103 (5th Cir. 1973); United States v. Acosta, 411 F.2d 627 (5th Cir. 1969). Therefore, the first element of the Orozco test weight heavily in favor of not revealing this informant's identity.

The second step of the Orozco test requires the court to evaluate whether revealing the informant's identity will assist the defendant in presenting a defense. In McCray v. Illinois, 386 U.S. 300, 87 S.Ct. 1056 (1967), the Supreme Court recognized that an informant's identity need not be disclosed at a preliminary hearing on probable cause. Id. at 311-12. Similarly, in United States v. Raddatz, 477 U.S. 667, 106 S.Ct. 2734 (1980), the Court noted that many of its decisions recognize that the interests at stake in a suppression hearing are of less importance than those in the actual criminal trial. Id. at 679. Revealing the tipster's identity would only challenge the probable cause and suppression hearings. Jackson's interests in challenging these hearings is outweighed by the presumption against disclosure, including the privacy and safety of the tipster and the government's interest in ensuring tipsters will be willing to step forward in the future. Therefore, the district court did not err in refusing to disclose the tipster's identity.

### III

The district court was also within its discretion in refusing to conduct an in camera hearing. Although not usually mandated, an in camera hearing is an appropriate method for a district court judge to balance the conflicting interests of the government and the defendant. See Freund, 525 F.2d at 877-88. Jackson failed to introduce sufficient evidence to mandate such a hearing. As the

Seventh Circuit has recognized, "A bald denial of the existence of an informant does not call for a hearing . . . the defendant bears a substantial burden to demonstrate probable falsity . . . . The affidavit of a friend, coupled with counsel's say-so, does not satisfy that burden." United States v. Hornick, 815 F.2d 1156, 1987 (7th Cir. 1987). The district court has broad discretion in determining if an in camera hearing is needed. See McCray, 386 U.S. at 318. Although it was certainly within the district court's discretion to grant an in camera hearing, it was not compelled to do so. Affidavits from family and friends--with a probability of bias and a possibility of self-serving--that only proclaim that none of them is the nefarious snitch, is hardly the stuff that credibly suggests the need for a hearing on the matter.

IV

Finally, Jackson's contention that the district court erred by denying his motion to suppress has no merit. A warrant affidavit carries a presumption of reliability. Franks v. Delaware, 438 U.S. 154, 171, 98 S.Ct. 2674, 2684 (1978). In the instant case, this presumption is enhanced because a baggie of crack cocaine conforming to the description given by the informant was found in Jackson's house. Although Jackson's friends and family attest that they are not the confidential informant, there was ample time for Jackson to have had contact with third parties. Ultimately, therefore, it is only Jackson's only unsupported and self-serving

affidavit that attacks the warrant affidavit. Therefore, the district court did not err when it found that Jackson's affidavit, and the affidavits of his friends and family did not overcome the warrant affidavit's presumption of reliability.

The judgment of the district court is therefore

A F F I R M E D.